977 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mary Louise THOMAS, Plaintiff-Appellant,
v.
TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY, a California
Corporation, Defendant-Appellee.
 No. 91-35683.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1992.*
Decided Oct. 14, 1992.
 
 Before FARRIS, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mary Louise Thomas appeals the district court's summary judgment in favor of Transamerica Occidental Life Insurance Company. The court concluded that Mary Thomas was not entitled to benefits under her husband's life insurance policy because: (1) Donald Thomas' death was not "accidental"; (2) Donald Thomas' death was not "independent of sickness or any other cause"; and (3) Mary Thomas did not file a timely notice of claim or proof of loss. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 Both parties recognize, as they must, that Botts v. Hartford Accident & Indem. Co., 585 P.2d 657 (Or.1978), is controlling. In order to preclude summary judgment, therefore, Mary Thomas must set forth specific facts showing a genuine issue as to "whether the job-related activity leading to [Donald Thomas'] heart attack was abnormal and unusual, taking into consideration the ordinary requirements of his job performance." Id. at 661. See also T.W. Elec. Serv. v. Pacific Elec. Contractors, 809 F.2d 626, 630-32 (9th Cir.1987) (summary judgment standard).
 
 
 4
 The district court correctly concluded that Mary Thomas had not set forth specific facts sufficient to preclude summary judgment. Mary Thomas alleges only that Donald Thomas was not accustomed to working in temperatures as high as those in California, i.e., 100 to 110 degrees. As in Botts, 585 P.2d at 661, "the facts do not demonstrate a situation sufficiently abnormal or unusual to make a jury question on whether [Donald Thomas] suffered an accidental injury resulting in death."
 
 
 5
 Mary Thomas argues that a job-related activity may be abnormal and unusual due to extreme weather conditions. We understand Mary Thomas' argument, but the district court did not conclude that Donald Thomas' employment required him to anticipate and cope with such conditions. Rather, it concluded only that Mary Thomas had not demonstrated that working in temperatures as high as 110 degrees was a "situation sufficiently abnormal or unusual," id. at 661, to preclude summary judgment. The court correctly applied the relevant law.
 
 
 6
 Because Donald Thomas' death was not accidental, we need not address whether his death was independent of sickness or any other cause or whether Mary Thomas filed a timely notice of claim or proof of loss.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3